## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KENTES WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16−cv−0985−MJR** |
| | ) | |
| **FRANK EOAVALDI,** | ) | |
| **MAJOR PAIGE, and** | ) | |
| **UNKNOWN PARTY** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Kentes West, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

Page **1** of **10**

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A.

## The Complaint

Plaintiff originally filed this suit on April 11, 2016 in case No. 16-cv-414-SMY. That case underwent § 1915A screening on August 29, 2016, at which time it was determined that Plaintiff had stated unrelated claims and the present action was severed out of Plaintiff's other claims. (Doc. 1).

As related to the claims present in this case, Plaintiff has alleged that on July 30, 2015, C/O Rakers decided not to feed Plaintiff. (Doc. 2, p. 30). He tried to give Plaintiff an empty tray, but "due to the fan on the wall being blowing on the tray" Plaintiff knew something was not right with about the tray, and told Rakers so. (Doc. 2, p. 30). Rakers

opted not to give Plaintiff the tray.  (Doc. 2, p. 30).  Plaintiff asked C/O Cutts to look at the tray when he walked past and Cutts allegedly told Plaintiff the tray was empty.  (Doc. 2, p. 30).  Plaintiff then tried to complain to Sgt. Harris, who told him to talk to his gallery officer about it.  (Doc. 2, p. 31).  Plaintiff alleges that his gallery officer refused to give him showers in the past and had previously threatened him.  (Doc. 2, p. 31).  So Plaintiff asked to speak to a Lieutenant.  (Doc. 2, p. 31).  Plaintiff waited a while, but he still did not get a tray and a Lieutenant never came by.  (Doc. 2, p. 31).  So Plaintiff flooded his cell.  (Doc. 2, p. 31).

When guards responded to the flooding, they declined to address Plaintiff's complaints about not getting a tray or Rakers mistreating Plaintiff.  (Doc. 2, p. 31).  Lt. Eoavaldi told Plaintiff that he "was going to get it today" because Eoavaldi was tired of hearing his name.  (Doc. 2, p. 31).  Plaintiff refused to cuff up when Eoavaldi ordered him to because he believed that Eoavaldi would beat him.  (Doc. 2, p. 31).  Eoavaldi called Major Paige to the scene, but Plaintiff would not cuff up for him either because he was even angrier than Eoavaldi.  (Doc. 2, p. 31).  Eoavaldi and Paige wrote Plaintiff a disciplinary report and called Orange Crush to Plaintiff's cell.  (Doc. 2, p. 31).

Plaintiff complied with Orange Crush's orders because he believed that Orange Crush would not hurt him because they filmed the cell extraction.  (Doc. 2, p. 31).  Despite his compliance, Plaintiff was pepper sprayed, thrown to the ground, had his head forced into the toilet, his hair pulled, and his genitals were rubbed with pepper spray.  (Doc. 2, p. 31).  Plaintiff's clothes and Nike gym shoes were thrown in the trash.

(Doc. 2, p. 31).  He was placed in a cell with no water, no working toilet, no mattress, and no clothing "for longer than required."  (Doc. 2, p. 31).  Plaintiff left on a writ on August 5, 2015.  (Doc. 2, p. 31).

## Discussion

The Order severing Plaintiff's claims divided the Complaint up into nineteen counts. (Doc. 1). The following Counts were severed into this action:

**Count 10 – Eight Amendment Claim against Defendants Eoavaldi and Paige for sending the Orange Crush team to remove Plaintiff from his cell on July 30, 2015, and against the Unknown Orange Crush Officers, for subjecting Plaintiff to excessive force on that date;**

**Count 11 – Eighth Amendment claim against Defendants Eoavaldi and Paige, for having Plaintiff placed in a cell with no water, no working toilet, no mattress, and no clothing from July 30 until approximately August 5, 2015.**

**Count 10** clearly implicates the use of excessive force.  The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983.  *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559

U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Paige and Eoavaldi must be dismissed from this count without prejudice. Plaintiff does not allege that either of them was a member of the Orange Crush team or that Paige or Eoavaldi actually laid hands on him. Plaintiff has not alleged that Paige and Eoavaldi were present when Orange Crush performed the cell extraction. All Plaintiff alleges is that they called the Orange Crush team out, however, Plaintiff admits that he was misbehaving at the time and refusing to follow direct orders, which suggests that the cell extraction was justified. Even if it was not, there is no respondeat superior liability in § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). All Plaintiff has alleged is that Paige and Eoavaldi ordered the extraction. Nothing in Plaintiff's Complaint suggests that they were involved in the extraction after that point or approved or condoned the behavior of the Orange Crush team. This lack of personal involvement is fatal to Plaintiff's claims against Paige and Eoavaldi in Count 1.

As to the Orange Crush Defendants, Plaintiff alleges that he complied with all their orders, yet was still pepper sprayed and assaulted, and made to undergo humiliations like having his head shoved into a toilet. This is sufficient to state a claim

for excessive force.  The Court reminds Plaintiff that he has an obligation to identify these John Doe Defendants, and the only Defendants that the Court recognizes in connection with this claim are the members of the Orange Crush team who responded to Plaintiff's cell on July 30, 2015.

Turning now to **Count 11**, that claim arises under a conditions of confinement theory of liability.  Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety.  *Rhodes v. Chapman*, 452 U.S. 337, 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1993); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.  *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).  The inquiry is whether the conditions of confinement exceeded the contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component of an Eighth Amendment claim.  The subjective component is the intent with which the acts or practices constituting the alleged punishment are inflicted.  *Jackson*, 955 F.2d at 22.  A prison official must have had a sufficiently culpable state of mind.  *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994).  The relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Here, Plaintiff has alleged that he was placed in a cell without running water, clothing, or a mattress for approximately one week.  That is sufficient to state a claim under a conditions of confinement analysis because the lack of water in particular is a serious condition of confinement.  However, although the threshold order construed this claim against Paige and Eoavaldi, Plaintiff does not actually allege that either of

those Defendants were responsible for his cell placement or cell placements generally. Because Plaintiff has not mentioned Paige and Eovaldi in connection with this claim, the Defendants must also be dismissed from this claim without prejudice.   As there are no further defendants associated with this claim, the claim will be dismissed with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 10** states a claim upon which relief may be granted and will proceed.  Defendants Eoavaldi and Paige are **DISMISSED** without prejudice.  **COUNT 11** will be dismissed without prejudice for failure to identify a valid defendant.  The Clerk of Court is **DIRECTED** to add the Warden of Menard to the docket, solely for the purpose of identifying the John Doe Orange Crush Defendants in this case.

The Clerk of Court shall prepare for the Warden of Menard: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 10/31/2016**

s/ MICHAEL J. REAGAN
**U.S. District Judge**